### UNITED STATES v. ROBERTSON.

(District Court, S. D. California, S. D. February 25, 1919.)

No. 1632.

PERJURY ⬥9(2)—AUTHORITY FOR OATH—APPLICATION FOR PASSPORTS.

The presidential rule for the issuance of passports, requiring an affidavit from a credible witness who has known the applicant two years, does not require the affiant to swear to acquaintance with the applicant, though that is in the form prescribed by the Secretary of State, and making false affidavit as to acquaintance is not false swearing in a case in which a law authorizes an oath to be administered, within Criminal Code, § 125 (Comp. St. § 10295).

D. F. Robertson was indicted for perjury in making false affidavits relative to applications for passports. On demurrer to the indictment. Demurrer sustained.

Robert O'Connor, U. S. Atty., and Lyndol L. Young, Ass't U. S Atty., both of Los Angeles, Cal., for the United States.

S. E. Vermilyea and N. Blackstock, both of Los Angeles, Cal., for defendant.

TRIPPET, District Judge. The defendant is indicted for perjury, in making affidavits relative to applications for passports. In the first count of the indictment he is charged with having sworn falsely that he had known the applicant for passport for a period of four years, when as a matter of fact he had only known the applicant for a period of not more than one month previous to the date he made the affidavit that he had known him for four years.

The rules, governing the granting and issuing of passports, promulgated by the President, contain the following matter:

"The application must be supported by an affidavit of at least one credible witness, who has known the applicant at least two years, stating that the applicant is the person he represents himself to be and that the facts stated in the application are true to the best of the witness' knowledge and belief."

It is perfectly plain that this sentence does not require the witness to swear in his affidavit that he has known the applicant at least two years. The phrase "he has known the applicant at least two years," modifying the word "witness," is plainly no part of the affidavit. The sentence shows clearly what the affidavit shall state. There is no more reason for putting in the affidavit the length of time the witness has known the applicant than for putting in the affidavit that the witness is credible. The law requires strict construction of statutes which define a crime, and necessarily a proclamation, such as the one under con-

sideration, must be strictly construed, when a person is being prose-- cuted for a serious crime like perjury.

It is material to the investigation that the witness should be credible and should have known the applicant for at least two years. But there is no requirement in these rules that the witness should so swear or that any one should so swear. If the writer of these rules had meant that the witness should swear that he had known the applicant for two years, it would have been perfectly easy for him to have so prescribed by putting the verb in the sentence after the word "witness," and make the sentence read as follows:

"The application must be supported by an affidavit of at least one credible witness, stating that he has known the applicant at least two years and that the applicant is the person he represents himself to be," etc.

The United States attorney argues that this is, undoubtedly, what the party meant who wrote these rules. There is no ambiguity in the sentence. There is really no opportunity for the construction placed upon the sentence by the United States attorney. The English is too plain to admit of discussion.

The form of oath taken by this witness is prescribed by the Department of State for the purpose of enforcing the rules promulgated by the President. These rules do not demand such an oath, and therefore the Department of State had no right to exact it. The position that the court takes may be illustrated thus: Suppose the rules prescribed that a passport should be issued to an applicant upon making application and presenting it, indorsed by a citizen in good standing, who had known him for two years. Now, it will be observed in this supposititious case that there is no rule requiring an oath of any kind. No one would contend that such a requirement would be authorized by the law. The defendant is indicted under section 125 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1111 [Comp. St. § 10295]). That section provides that a person shall be guilty of perjury when he swears falsely "in any case in which a law of the United States authorizes an oath to be administered." Since the law did not authorize an oath to be administered, as was administered in this case, it follows that the defendant has not violated any law by testifying falsely.

The second count of the indictment is subject to the same objections as the first count, and the demurrer to the whole indictment will be sustained.